UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  09-22738-CIV-MARTINEZ/BROWN

KATHLEEN HELTON  and DARRELL
HELTON, her husband,

     Plaintiffs,

v.

KERZNER INTERNATIONAL LIMITED,
a Bahamian company; KERZNER INTERNATIONAL
BAHAMAS LIMITED, a Bahamian company;
ISLAND HOTEL COMPANY LIMITED, a Bahamian
company; PARADISE ISLAND LIMITED, a Bahamian
company; and KERZNER INTERNATIONAL
RESORTS, INC., a Florida corporation,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendants, Kerzner International Limited ("KIL"), Kerzner International Bahamas Limited ("KIBL"), Island Hotel Company Limited ("IHC"), Paradise Island Limited ("PIL") and Kerzner International Resorts, Inc. ("KIRI") (collectively, the "Kerzner Defendants"), by and through their undersigned counsel, hereby move to dismiss the Complaint (the "Complaint") filed by the Plaintiffs Kathleen Helton and Darrell Helton ("Plaintiffs") on three grounds: pursuant to Fed. R. Civ. P. 12(b)(3); for improper party defendant; and pursuant to the doctrine of *forum non conveniens*.   In support, the Kerzner Defendants state as follows:

### INTRODUCTION

This action arises out of an alleged personal injury which occurred at the Atlantis Hotel & Casino ("Atlantis") located on Paradise Island, the Bahamas. Plaintiffs, Alaska residents, have filed a fifteen (15) count complaint for negligence, loss of consortium, and an alleged cause of action entitled, "willful, wanton, reckless behavior," against each Kerzner Defendant. Specifically, the Plaintiff, Mrs. Helton, alleges that she was walking around the Royal Bath

Tower Pool deck on plastic grating and the grating gave way, causing her to fall into a trench and injure her foot.  The crux of Plaintiffs' claims is that the Kerzner Defendants failed to maintain the premises in a reasonably safe condition and failed to warn guests of alleged dangerous conditions at the Atlantis.

This Court should dismiss the Plaintiffs' Complaint for three reasons.  First, both Plaintiffs signed a guest registration card containing a valid and enforceable forum selection clause that unequivocally provides that any claims that Plaintiffs have against the Atlantis or its affiliated companies resulting from any event occurring in the Bahamas shall be brought exclusively in the Bahamas and that Plaintiffs waive their ability to ask for a jury trial.  Second, despite the fact that Plaintiffs are well aware that KIRI is an improper party defendant, they have named KIRI solely for the illusory purpose of demonstrating that there is some connection to Florida.   Third, the doctrine of *forum non conveniens* warrants dismissal where – as here – the Bahamas is an adequate alternative forum to address Plaintiffs' tort claims.

## BACKGROUND FACTS

Plaintiffs commenced this diversity action claiming that the Kerzner Defendants' negligence caused Mrs. Helton's alleged injuries. Plaintiffs specifically allege that on September 24, 2006, she was walking on the plastic grating that bordered a pool at the Atlantis and that the grating gave way beneath her and her left foot fell into the bottom of a trench. (Complaint, ¶34). Plaintiffs claims that Mrs. Helton received personal injuries as a result of the fall (Complaint, ¶¶34, 39) and are seeking damages in connection therewith. (Complaint, ¶¶85 and 86).

Plaintiffs name five defendants in the Complaint. *(See generally,* Complaint). The first defendant, KIL, is a Bahamian entity with its principal place of business in the Bahamas. (Complaint, ¶4; *see also* Affidavit of Giselle M. Pyfrom ("Pyfrom Aff."), ¶3).[1] Plaintiffs allege that KIL and its subsidiaries own and operate the Atlantis (Complaint, ¶5; however, KIL is not responsible for the ownership, control, supervision, maintenance, upkeep and safety of the Atlantis. (Pyfrom Aff., ¶3).   Plaintiffs also name KIBL, a Bahamian entity, as a defendant and allege that KIL and KIBL operate as one as they relate to the Atlantis. (Complaint, ¶7).  KIBL is headquartered in the Bahamas with its principal place of business in the Bahamas, and is not

---

[1] The Pyfrom Aff. is being filed concurrently herewith as Exhibit "A" in support of the instant' Motion to Dismiss.

responsible in any way for the ownership, control, supervision, maintenance, upkeep and/or safety of the Atlantis. (Pyfrom Aff., ¶3). KIBL's subsidiaries, which are also Bahamian entities, are responsible for the ownership, control, supervision, maintenance, upkeep and/or safety of the Atlantis. (*Id.*).

Further, Plaintiffs name KIRI, a Florida corporation, as a defendant and allege that KIRI primarily functions as a marketing, sales, advertising, reservation, wholesale tour service and travel business for the Atlantis (Complaint, ¶12). Plaintiffs do not (nor can they, as they have knowledge to the contrary) allege that KIRI is responsible for the ownership, control, supervision, maintenance, upkeep and/or safety of the Atlantis as KIRI is neither the owner and/or operator of the Atlantis. (Pyfrom Aff., ¶4).

Finally, Plaintiffs name IHC and PIL, both Bahamian companies, as entities involved in the operations, management, maintenance, supervision and business practices of the Atlantis (Complaint, ¶¶15-18). IHC and PIL are wholly-owned subsidiaries of KIBL. (Pyfrom Aff., ¶5). ICH operates the Atlantis. (*Id.*). IHC and PIL are headquartered and have their principal place of business in the Bahamas, with no offices outside of the Bahamas. (*Id.*).

## INCORPORATED MEMORANDUM OF LAW

### I.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE OF A VALID FORUM SELECTION CLAUSE.

The Plaintiffs' Complaint should be dismissed for improper venue because upon their arrival at the Atlantis for their trip during which Mrs. Helton was allegedly injured, Plaintiffs both executed a guest registration card containing a valid and enforceable forum selection clause. (Pyfrom Aff., ¶¶ 12-13). With regard to the registration card, the forum selection clause contained thereon provides as follows:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in the Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of the Bahamas, and further, irrevocably agree to the Supreme Court of the Bahamas as the exclusive venue for any such proceedings whatsoever.[2] (Pyfrom Aff., ¶¶12-13 and Exhibit "1" thereto).

---

[2]   The Kerzner Defendants are identified as "Resort Parties" in the guest registration card attached as Exhibit "1" to the Pyfrom Aff. (Pyfrom Aff., ¶13).

Federal courts have long recognized that mandatory forum selection clauses – such as the clause in the guest registration card signed by Plaintiffs– are presumptively valid and enforceable and warrant dismissal in favor of a contractually mandated foreign forum. *Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed.2d (1972); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285 (11th Cir. 1998).  Moreover, the U.S. Supreme Court has stated that "[f]orum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." *Bremen*, 407 U.S. at 1.  A forum selection clause is unreasonable or unjust only when the clause:  (1) has been induced by fraud or overreaching; (2) would deprive the plaintiff of his or her day in court due to the inconvenience of the chosen forum; (3) would deprive the plaintiff of a remedy; or (4) would contravene a strong public policy. *Lipcon*, 148 F.3d at 1292.

In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 911 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), the Supreme Court extended its holding in *Bremen* to forum selection clauses found in "form" contracts, in which the parties purportedly lack equal bargaining power.  Noting several reasons why such clauses were beneficial, the Supreme Court concluded that forum selection clauses in form contracts are valid and enforceable, subject only to "judicial scrutiny for fundamental fairness." *Carnival*, 499 U.S. at 595.  The form contract at issue in *Carnival* was a pre-printed cruise ticket which required that all claims arising under, in connection with, or incident to the cruise contract be litigated in the State of Florida, where Carnival was headquartered. *Id.*  The plaintiff in *Carnival* was a resident of the State of Washington who boarded a Carnival cruise ship in California and was injured in a "slip and fall" accident in international waters off the Mexican coast. *Id.*  The plaintiff had attempted to sue Carnival in the U.S. District Court in Washington, rather than the contractually mandated Florida forum. *Id.*

In *Carnival*, the Supreme Court upheld the validity and enforceability of the forum selection clause and required the plaintiff to litigate her claims in Florida.  *See generally Carnival.*  Citing its earlier decision in *Bremen*, the Court stated that a plaintiff seeking to set aside a forum selection clause on the grounds that it is unreasonable or unfair bears "a heavy burden of proof". *Carnival*, 499 U.S. at 592.  In upholding the forum selection clause before it as fundamentally fair, the Supreme Court noted:

> . . . In this case, there is no indication that the petitioner set Florida
> as the forum in which disputes were to be resolved as a means of

> discouraging cruise passengers from pursuing legitimate claims. Any suggestion of such a bad faith motive is belied by two facts: Petitioner has its principal place of business in Florida, and many of its cruises depart from and return to Florida ports. Similarly, there is no evidence that Petitioner obtained Respondent's accession to the forum clause by fraud or overreaching. Finally, Respondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity . . . . *Id.* at 595.

Here, Plaintiffs cannot meet their "heavy burden of proof" that the forum selection clause they signed was unreasonable or unfair. Most recently the Eleventh Circuit in *Krenkel v. Kerzner Int'l Hotels Ltd., et al.,* --- F.3d ----, 2009 WL 2513645 (11th Cir. 2009) upheld this court's decision in Case No. 08-22032-CIV-MOORE (S.D. Fla. Sept. 19, 2008),[3] dismissing a strikingly similar personal injury case by New Jersey Plaintiffs against the defendants on the ground that the forum selection clause at issue was valid and enforceable. Notably, the forum selection clause was identical to that herein. The Eleventh Circuit reasoned that the clause was reasonably communicated to the Plaintiffs, was neither hidden nor ambiguous, in plain language, and Plaintiffs were not induced to sign by means of fraud or overreaching.. *Krenkel* at pg. 3-4. Moreover, the Court found Plaintiffs had "not demonstrated inconvenience or unfairness, that [the Bahamas] would deprive them of a remedy or that enforcement . . . would deprive them of a remedy." *Id.* at pgs. 5-6.

Likewise, this Court in *Miyoung Son and Youngkeun Son v. Kerzner Int'l Resorts, Inc., et al.,* Case No. 07-61171-CIV-MARRA (S.D. Fla. Sept. 5, 2008),[4] found the forum selection clause at issue in that case (again, similar to the one at issue herein) to be enforceable. Judge Marra dismissed the claims of Plaintiffs, Maryland residents, that arose out of an alleged boating accident in the Bahamas while Plaintiffs were guests at the Atlantis. The Court found the forum selection clause to be valid and reasonable. *See Son* at pg. 8 (internal citations omitted). Alternatively, Judge Marra found that the case should also be dismissed on the grounds of *forum non conveniens.*

---

[3] A copy of the *Krenkel* Eleventh Circuit Opinion is attached hereto as Exhibit "B" and a copy of the District Court's Order is attached hereto as Exhibit "C."

[4] A copy of the *Son* Order is attached hereto as Exhibit "D."

The *Son* decision follows that by Judge Ungaro in which he also upheld the forum selection clause at issue in *Howard Todd Horberg and Kimberly Horberg v. Kerzner Int'l Hotels, Ltd., et al.*, Case No. 07-20250-CIV-UNGARO (S.D. Fla. filed Jan. 31, 2007).[5]  In *Horberg*, Judge Ungaro dismissed the claims of two Illinois residents that arose out of an alleged jet ski accident occurring in the waters off the Atlantis; Judge Ungaro ultimately determined that the Bahamas was an adequate forum. Like *Son*, in *Horberg*, Judge Ungaro also found that the case should be dismissed on the grounds of *forum non conveniens*.

Additionally, in *Giordano v. Sun Int'l North America, Inc.*, Case No. 98-7456-CIV-DIMITROULEAS, (S.D. Fla. filed Sept. 30, 1999)[6], Judge Dimitrouleas enforced a forum selection clause that is substantially similar to the clause at issue in this case.  In *Giordano*, Judge Dimitrouleas found that the plaintiff could still have his day in court in the Bahamas and that Bahamian law would not deprive the plaintiff of a remedy.

The Kerzner Defendants recognize that Judge Moreno in *Larsen v. Kerzner Int'l Hotels Ltd, et al.*, Case No. 08-22031-CIV-MORENO (S.D. Fla. June 19, 2009), Judge King in *Foster v. Sun Int'l Hotels, Ltd.*, Case No. 01-1290-CIV-KING (S.D. Fla. filed Feb. 4, 2002), *aff'd*, Case No. 02-12039 (11th Cir. 2002) and Judge Huck in *SunTrust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. 2001) reached a different conclusion with respect to forum selection clauses.  In *Sun Trust Bank*, for example, Judge Huck found a similar forum selection clause unenforceable under the particular facts and circumstances at issue therein.  Although Judge Huck found that the forum selection clause was not designed to discourage the pursuit of legitimate claims and was not unreasonable in terms of its content and form, he nonetheless concluded that the timing of the notice made it "fundamentally unfair" and unenforceable.

Both Judge King in *Foster* and Judge Huck in *SunTrust Bank* relied principally on a single federal case, *Corna v. American Hawaii Cruise, Inc.*, 794 F. Supp. 1005, 1011 (D. Hawaii 1992), to support their conclusions that similar forum selection clauses were unenforceable.  In *Corna*, the court refused to enforce a forum selection clause located in a cruise line ticket because the passenger first received the ticket only two days in advance of the cruise and, under the cruise line's cancellation policy, would have forfeited the entire price of the cruise had the

---

[5] A copy of the *Horberg* Order is attached hereto as Exhibit "E."

[6] A copy of the *Giordano* Order is attached hereto as Exhibit "F."

passenger sought to reject the forum selection clause and cancel their trip. *Corna*, 794 F. Supp. at 1012. The court's refusal to enforce the forum selection clause in that case appears to create some type of "advance notice" requirement that cannot be found in the Supreme Court's decision in *Carnival*.[7]

Plaintiffs were given the opportunity to read the forum selection clause upon check-in. Even if Plaintiffs would have had to forfeit their reservations at the Atlantis had they rejected the forum selection clause, the clause would still be binding. *See Hicks v. Carnival Cruise Lines, Inc.*, 1994 WL 388678 (E.D. Pa. July 26, 1994); *Miller v. Regency Maritime Corp.*, 824 F. Supp 200 (N.D. Fla. 1992). Moreover, the timing of when the clause was presented to the plaintiff is not the fundamental question in determining its validity; the issue is whether the plaintiff had the opportunity to read and reject it before becoming bound, which they did here. *Harden v. American Airlines*, 178 F.R.D. 583; 587 (M.D. Ala. 1998); *Hicks* ("the issue is not the timing but rather the communication of the forum selection clause."). Also, the Atlantis's website at the time (and to this day) contains a similar forum selection clause thus evidencing Plaintiffs' advance notice thereof.

The reasonableness of notice and the enforceability of a forum selection clause must be decided on the particular facts and circumstances of each case. *Shankles v. Caster Armatori, S.P.A.*, 722 F.2d 861, 864 (1st Cir. 1983). Differing circumstances may make the same clause enforceable in one case and unenforceable in another. *Id.* Under the particular facts and circumstances of this case, enforcement of the forum selection clause would be neither unfair nor unreasonable. Indeed, even if this Court were to follow Judge King and Judge Huck in relying on the *Corna* decision, the facts and circumstances underlying the instant action mandate enforcement of the forum selection clause.

Plaintiffs cannot demonstrate why this forum selection clause, the identical one found valid by the Eleventh Circuit, should not be enforced. While in the Bahamas at a Bahamian resort, both Plaintiffs signed a guest registration card containing a forum selection clause

---

[7] In *Carnival*, the plaintiff conceded the adequacy of the notice of the forum selection clause. Based on this concession, the Court noted, *in dicta*, that the plaintiff "presumably retained the option of rejecting the contract with impunity". The Court in *Corna* seized on this language in concluding that the forfeiture of the full price of the plaintiff's ticket rendered the forum selection clause unenforceable. However, any assertion that *Corna* creates some type of "advance notice" requirement clearly constitutes an unwarranted extension of the holding in *Carnival*.

requiring them to bring suit in the Bahamas for any events arising out of their stay in the Bahamas. Accordingly, this case should be dismissed.

## II.   KIRI IS AN IMPROPER PARTY AS IT NEITHER OWNED NOR OPERATED THE ATLANTIS AT ANY TIME; THEREFORE IT CANNOT BE LIABLE FOR THE ACTS ALLEGED IN THE COMPLAINT.

As evidenced by the Pyfrom Affidavit, KIRI, a Florida corporation (the only U.S. defendant), did not own or operate the Atlantis on the date at issue or at any time subsequent, nor did it or does it have any involvement with any maintenance or operational activities at the Atlantis. (Pyfrom Aff., ¶4).[8]  While KIRI provides services to the Atlantis, KIRI is neither the owner and/or operator of the Atlantis nor is KIRI otherwise responsible for matters including, but not limited to, the ownership, control, supervision, maintenance, upkeep and safety of the premises of the Atlantis.  (*Id.*) KIRI provides marketing, tour operations, and administrative services to the Atlantis. (*Id.*)  Plaintiffs' counsel is well aware of this fact but continues to name KIRI in the Complaint to present some illusory and cosmetic connection to the state of Florida.

In the last six years, Plaintiffs' counsel has filed at least six other matters[9] against the Kerzner Defendants and was advised on all of these occasions that KIRI is not the proper party to name as a defendant. In fact, the Kerzner Defendants have, on multiple occasions, through testimony and evidence, identified the entities who maintain or control the Atlantis (both of which are Bahamian entities). Despite this, Plaintiffs' counsel continues to name KIRI in the Complaint for cosmetic purposes in bad faith for purposes of justifying keeping this case in Florida as opposed to dismissal pursuant to *forum non conveniens*.  KIRI has nothing to do with the allegations in the Complaint and Mr. Parks knows this.

A complaint which seeks relief from an improper party should be dismissed as a matter of law. *See Pierre v. Schlemmer* 932 F. Supp. 278, 279 (M.D. Fla. 1996) ("a complaint should be dismissed for improper party as a matter of law") (citing *Dean v. Barner*, 951 F.2d 1210 (11th

---

[8]   Moreover, neither KIL nor KIBL (both Bahamian entities) are responsible for the ownership, control, supervision, maintenance, upkeep and/or safety of the Atlantis. (Pyfrom   Aff., ¶3) KIBL's subsidiaries, PIL and ICH, both Bahamian entities, are the relevant entities that own and operate the Atlantis. (*Id.*)

[9]   These cases include some of the Orders attached hereto as exhibits, to wit: *Krenkel* and *Horberg*.

Cir. 1992)); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1553 (S.D. Fla. 1989). Here, KIRI is company that neither owns, operates, maintains nor controls the Atlantis. It would be a waste of judicial resources for Plaintiffs to pursue their claims against KIRI, and the Court must dismiss the claims against it as a matter of law.

### III.   PLAINTIFFS' ACTION SHOULD BE DISMISSED BASED ON THE DOCTRINE OF *FORUM NON CONVENIENS*.

Alternatively, this Court should dismiss this action under the doctrine of *forum non conveniens* because the Bahamas is the more convenient and appropriate forum for resolution of this dispute. "Under the doctrine of *forum non conveniens*, the District Court has inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available." *C.A. La Segurida v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). As stated by the U.S. Supreme Court in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L.E.d 2d 419 (1981), "the central focus of the *forum non conveniens* inquiry is convenience." The analytic framework for *forum non conveniens* has been explained by the Eleventh Circuit as follows:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiff's initial forum choice. If the trial judge finds this balance of private interest to be in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a forum, the trial judge must finally insure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*C.A. La Segurida*, 707 F.2d at 1307 citing *Pain v United Technologies Corp*, 637 F. 2d 775, 784 (D.C. Cir. 1980). Significantly, there are six federal cases where separate judges have dismissed personal injury claims against the Atlantis and/or its affiliates based on *forum non conveniens*.

First, as previously mentioned, in *Son*, this Court not only found the forum selection clause to be enforceable against the plaintiffs therein but also dismissed the matter on the grounds of *forum non conveniens*. In analyzing defendants' *forum non conveniens* argument, Judge Marra found that the Bahamas was an adequate alternative forum and that the private and public interest factors weighed against the plaintiffs' selection of the Southern District of Florida.

Second, in *Horberg*, Judge Ungaro dismissed the claims of plaintiffs, who were Illinois residents, that arose out of an alleged jet ski accident occurring in the waters off the Atlantis. Judge Ungaro found that  private and public interest factors weighed heavily in favor of the Bahamas as all witnesses and documents were located in the Bahamas, the defendants were Bahamian entities, the incident occurred in the waters of the Bahamas and the defendants' presence in Florida was not of great relevance to the suit.

Next, in *Morrone v. Sun Int'l Hotels, Ltd.*, Case No. 05-61600-CIV-Seitz/McAliley (S.D. Fla. filed Sept. 25, 2005),[10] Judge Seitz dismissed a personal injury action arising out of an alleged assault at the Atlantis based on *forum non conveniens*.  In that case, Thomas Morrone, a New Jersey resident, brought suit alleging that the defendants were negligent in their control of the hotel premises when they failed to prevent Mr. Morrone from being abducted from the Atlantis and later assaulted.  In analyzing defendants' *forum non conveniens* argument, Judge Seitz found that the private and public factors weighed heavily in favor of a trial in the Bahamas. Among the factors held to be significant in *Morrone* were:  (1) the majority of the key witnesses – many of whom could not be compelled to testify in Florida – were in the Bahamas, including two former doormen who were stationed outside the hotel entrance on the night of the alleged abduction, the former security investigator at the Atlantis who investigated the kidnapping and interviewed the plaintiff shortly after the incident and members of the Bahamian police department who investigated the abduction; and (2) the defendants' inability to implead third-party defendants in an action brought in Florida.

Fourth, in *Foster v. Sun Int'l Hotels, Ltd.*, Case No. 01-1290-CIV-King (S.D. Fla. filed Feb. 4, 2002), *aff'd*, Case No. 02-12039 (11th Cir. filed Nov. 18, 2002),[11] Judge King also dismissed a personal injury action based on *forum non conveniens*.  In that case, David Foster, a California resident, brought suit alleging that he suffered injuries when he slipped and fell on a walkway on the grounds of the Atlantis.  There, Judge King found that the Bahamas was an adequate alternative forum and that the private and public factors weighed heavily in favor of a trial in the Bahamas.  Among the factors held to be significant in *Foster* were:  (1) the key witnesses were in the Bahamas, including the doctor who examined and treated the plaintiff; (2)

---

[10] A copy of the *Morrone* Order is attached hereto as Exhibit "G."

[11] A copy of the *Foster* Order is attached hereto as Exhibit "H."

the employees responsible for the maintenance of the accident site were located in the Bahamas; (3) eyewitnesses to the accident resided in states other than Florida; (4) documents regarding the maintenance of the accident site were kept in the Bahamas; and (5) a viewing of the accident site could only be accomplished in the Bahamas.

Fifth, in *Morse v. Sun Int'l Bahamas, Ltd. et al.*, Case No. 98-7451-CIV-Jordan, (S.D. Fla. filed Feb. 26, 2000), *aff'd without opinion*, 277 F. 3d 1379 (11th Cir. 2001),[12] Judge Jordan dismissed a claim for a personal injury suffered in the Bahamas based on the doctrine of *forum non conveniens*. In *Morse*, the plaintiff, a Florida citizen, was injured in a boating accident while vacationing in the Bahamas and sued the owners and operators of the Atlantis for their alleged negligence. Judge Jordan held that the Bahamas was clearly an adequate alternative forum in which all of the defendants were amenable to jurisdiction. He then conducted a detailed analysis of the private and public interest factors and concluded that the "balance of conveniences weighs heavily in favor of dismissal." Among the private and public interest factors held to be significant in *Morse* were: (1) the presence and availability of witnesses in the Bahamas; (2) the accessibility of documentary evidence in the Bahamas; (3) the ability to implead other Bahamian entities; (4) the ability to view the premises where the accident occurred; and (5) the application of Bahamian law to the dispute.

Finally, in *Dangler v. Atlantis Resort & Casino, et. al.*, Case No CIV S-01-1228 WBS DAD (E.D. Ca. filed Aug. 1, 2002),[13] a federal court in the Eastern District of California dismissed a personal injury claim based on *forum non conveniens*. In *Dangler*, the plaintiff, a California resident, brought suit alleging that he slipped and fell at the Atlantis. The Court dismissed the complaint finding that the Bahamas was an adequate, alternative forum to litigate and that the balance of the public and private factors favored dismissal. Among the private factors held to be significant were: (1) the key witnesses were in the Bahamas, including the medical staff who examined the plaintiff and the hotel employees who allegedly aggravated his injuries; and (2) the documentary evidence involving the site of the alleged accident was located in the Bahamas. As to the public interest factors, the Court found that the Bahamas' interest in litigating matters occurring on Bahamian soil far exceeded California's interest.

---

[12] A copy of the *Morse* Order is attached hereto as Exhibit "I."

[13] A copy of the *Dangler* Order is attached hereto as Exhibit "J."

Turning to the facts of the instant case, this action should likewise be dismissed because the Bahamas is an available and adequate forum to address the Plaintiffs' claims, the private and public interest factors weigh heavily in favor of a trial in the Bahamas, and the Plaintiffs can reinstate their suit in the Bahamas without undue inconvenience or prejudice.

### A.      The Bahamas is an Adequate Alternative Forum.

An adequate alternative forum exists "when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co.*, 454 U.S. at 255, 102 S.Ct at 265 n 22 (citing *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508, 68 S. Ct. 839, 843, 91 L. Ed 1055 (1947)). Here, all but one of the Kerzner Defendants are Bahamian corporations headquartered in Paradise Island, the Bahamas. (Pyfrom Aff., ¶¶3-5). As Bahamian corporations, those Kerzner Defendants are undoubtedly amenable to service of process in the Bahamas. (*Id.*). In addition, the Bahamian legal system is patterned after the English system (Pyfrom Aff., ¶10) and thus it allows access to evidence, access to relevant sites, and access to witnesses. (*Id.*). The Bahamian legal system also recognizes actions based on common law negligence, damages in personal injury claims, and supports enforcement of judgments. (*Id.*). Litigation in the Bahamas is neither less practical nor more expensive than litigation in Florida. (*Id.*). Under these circumstances, the Kerzner Defendants have satisfied the first part of the *forum non conveniens* analysis. *See Chierchia v. Treasure Cay Services*, 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) (finding that the Bahamas in an adequate alternative forum where defendants are subject to jurisdiction in the Bahamas and plaintiff can enforce her rights in the Bahamas); *Morse* (finding that the Bahamas is an adequate alternative forum for a negligence action brought by a guest of the Atlantis); *Resorts Int'l, Inc. v. Spinola*, 705 So. 2d 629, 630 (Fla. 3d DCA 1998) (holding that the Bahamas is an adequate alternative forum and granting dismissal on *forum non conveniens* grounds a personal injury action at a Bahamian resort independent of the Atlantis).

### B.      The Private Interest Factors Favor Trial in The Bahamas.

This Court must now balance "all relevant public and private interest factors" to determine whether the balance of conveniences favors dismissal. *Piper Aircraft Co.*, 454 U.S. at 257, 102 S. Ct. at 266.  The private interest factors to be considered in a *forum non conveniens* analysis include:  "the relative ease of access to sources of proof; availability of compulsory process for unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems

that make the trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp.,* 330 U.S. 501. An analysis of each factor supports dismissal here.

In the Eleventh Circuit, there must be "positive evidence of unusually extreme circumstances" and the court must be "thoroughly convinced that material injustice is manifest before ousting a domestic plaintiff from this country's courts." *SME Racks, Inc. v. Sistemas Mecnicos Para Electronica*, 382 F. 3d 1097, 1101 (11th Cir. 2004). Although the Eleventh Circuit requires a high level of proof before dismissing a case involving a U.S. plaintiff, the court acknowledges that dismissal is not automatically barred in all cases involving U.S. plaintiffs. *See SME Racks, Inc.*, 382 F.3d at 1101("[T]he Supreme Court has been clear that 'dismissal should not be *automatically barred* when a [domestic] plaintiff has filed suit in his home forum.") (citing *Piper Aircraft Co.,* 454 U.S. at 255 n. 23) (emphasis in original).

The instant case represents the type of unusually extreme circumstances that would support dismissal because a material injustice would occur if this case were to proceed in Florida rather than in the Bahamas. First, a U.S. plaintiff's choice of forum, while entitled to deference, is entitled to less deference where, as in this case, the plaintiff is not a resident of the chosen forum. *See Gemini Capital Group, Inc. v. Yap Fishing, Corp.*, 150 F.3d 1088 (9th Cir. 1998) (holding that a U.S. plaintiff's choice of forum outside of his residence might be entitled to less deference); *Iragorri v. United Technologies, Corp.*, 274 F.3d 65 (2d Cir. 2001) (concluding that a district court may afford different degrees of deference to a U.S. plaintiff's choice of forum that is different from the one in which the plaintiff resides); *Chierchia*, 738 F. Supp. at 1388 ("Plaintiff, however has no personal connection to this forum, and therefore her choice of forum is entitled to slightly less deference than would otherwise be the case"). Herein, Plaintiffs' choice of forum should be given less deference as Plaintiffs are not Florida residents.

Ultimately, Florida has little interest in an action for an alleged assault which occurred in the Bahamas, especially considering the Plaintiffs are Alaska residents. *See Son* at pg. 20 (finding that "[a] jury composed of residents of Palm Beach County, Florida, has a minimal (if any) interest in adjudicating a dispute between citizens of Maryland and (with one exception) citizens of the Bahamas for acts that occurred in the Bahamas."). In *Kinney System, Inc. Continental Insurance Co.*, 674 So. 2d 86 (Fla. 1996), the Florida Supreme Court recognized that the doctrine of *forum non conveniens* may indeed serve to limit the ability of some individuals' right and/or ability to take advantage of Florida's judicial system, as well as

potentially interfering with a Florida citizen's constitutional right to access to the Florida courts. *Id.* When adopting the federal standard of *forum non conveniens*, the Florida Supreme Court stated:

> [W]e are persuaded that the time has come for Florida to adopt the federal doctrine of *forum non conveniens*. The use of Florida courts to police activities even in the remotest parts of the globe is not a purpose for which our judiciary was created. Florida courts exist to judge matters with significant impact upon Florida's interests, especially in light of the fact that the taxpayers of this state pay for the operation of its judiciary. *Kinney*, 674 So.2d at 93.

The court found that "the right of access will not bar dismissal to the degree that such Florida interests are weak *and* to the degree that remedies are available in convenient alternative forums with better connections to the events complained of." *Id.* at 93 (emphasis added).

Second, the relevant Kerzner entity that operates the Atlantis is a Bahamian company headquartered in the Bahamas with no offices in the U.S. (Pyfrom Aff., ¶5). The alleged personal injury occurred in the Bahamas.(Complaint, ¶34). All of the documents related to the Plaintiff's allegations are in the Bahamas. (Pyfrom Aff., ¶8).

Further, a great majority of the witnesses relevant to Mrs. Helton's alleged incident are located in the Bahamas. (Pyfrom Aff., ¶7). These witnesses include: Investigator Jacob Shaw, who took Mrs. Helton's statement after the alleged accident and investigated it and another incident Mrs. Helton alleges occurred in the same general area; Nurse Morley, who assisted Mrs. Helton immediately following the alleged accident; Sterling Cleare, Duty Manager at the Royal Towers, Francis Hanna- Chong, Manager at the Royal Towers; Raymond Bethel, Duty Manager at the Royal Towers; Een Colebrooke in the Risk Management Department; and Duquesa Dean, Quality Assurance Manager, who communicated with the Heltons after the alleged accident. (*Id.*). Witnesses also include hotel employees involved in the maintenance of the area of the alleged incident, and corporate representatives and employees working for those companies that own and operate the Atlantis. (*Id.*). All of these witnesses are citizens of and reside in the Bahamas. (*Id.*). The Kerzner Defendants have also identified other individuals who are located in Alaska, as witnesses relevant to Mrs. Helton's alleged injury and damages. (Pyfrom Aff., ¶9).

Finally, a trial in the Bahamas would permit a viewing of the premises. Plaintiffs claims that the Kerzner Defendants created an unsafe condition and failed to maintain the premises in a safe manner. (Complaint at ¶¶ 34-25, 37-38, 42-44, 47-48, 52-54, 57-58, 62-64, 67-68, 72-74,

76-77 and 81-83). Thus, the appearance of the premises is directly at issue and a viewing may assist the trier of fact. *See Foster, Morse* (internal citations omitted). A view of the premises may be helpful in evaluating whether the premises were maintained in a safe condition.

Moreover, Plaintiffs allege that they are residents of Alaska, not Florida. (Complaint, ¶2). Thus, Plaintiffs will be forced to travel to litigate this case regardless of whether the case is litigated in this Court or the Bahamas; therefore, there is no added burden to their traveling.

Here, the Bahamas is an adequate alternative forum and clearly has a significant interest in a controversy involving the liability of a major Bahamian resort for an alleged assault which occurred on Bahamian soil. *See Son* (finding that the Bahamas has a greater interest than Florida in litigating the personal injury claim of a Florida citizen because the case involved questions vital to the Bahamian tourist industry) (internal citations omitted); *see also Skandaliaris v. Sun Int'l Resorts, Inc.*, Case No. 02-008153 CACE (25) (finding that the Bahamas has a stronger interest in litigating personal injury claims of Florida citizens because the case involved the appropriate standards of care and the scope and extent of liability of a major Bahamian resort).[14]

### C. The Public Interest Factors tip the Balance in Favor of The Bahamas.

This Court must next consider the public interest factors if the balance of the private interest factors are in equipoise or near equipoise. *La Seguridad*, 707 F.2d at 1307. Although in this case the private interest factors heavily support dismissal of this action in favor of the Bahamas, even if they did not, the public interest factors support dismissal of this action in favor of the Bahamas. Public interest factors are considerations that affect the convenience of the competing forums (*see Piper Aircraft*, 454 U.S. at 241, 102 S.Ct. at 258) and they include:

> administrative difficulties flowing from court congestion; the 'local interest in having localized controversy decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at n. 6 (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. at 509 (1947)).

---

[14] A copy of the *Skandaliaris* Order is attached hereto as Exhibit "K." In *Skandaliaris*, the Court dismissed a negligence claim by two Florida residents against two Bahamian corporations on *forum non conveniens* grounds considering, among other things, the site of the accident, the relevant witnesses in the Bahamas, and the documentary evidence located in the Bahamas. *See* Exhibit "K."

It is incontestable that Bahamian law will govern dispute. Florida has adopted the "significant relationship test" of the Restatement (Second) of Conflicts of Law ("Restatement"). *Bishop v. Florida Specialty Paint, Co.*, 389 So.2d 999, 1001 (Fla. 1980). The "significant relationship test" requires the court to determine controversies in accordance with the law of the jurisdiction with the "most significant relationship to the occurrence and the parties" under the principles stated in the Restatement include:

    (a)    the place where the injury occurred;
    (b)    the place where the conduct causing the injury occurred;
    (c)    the domicile, residence, nationality, place of incorporation and place of business of the parties; and
    (d)    the place where the relationship, if any, between the parties is centered. *See Restatement*, §145(2).

In cases dealing specifically with personal injury matters, such as the instant matter, Section 146 of the Restatement further instructs that the laws of the state where the injury occurred determines the rights and liabilities of the parties. *Id.* at §146.

Here, the Plaintiffs voluntarily traveled to the Bahamas and stayed at the Atlantis, where Mrs. Helton allegedly was injured. Not only is the Bahamas the place where the injury allegedly occurred, it is also the place where the conduct causing the injury occurred and the place where the relationship between the parties is centered. Finally, it is the domicile of all but one of the Kerzner Defendants named herein. It is clear that under these circumstances, Bahamian law would apply. *See Son; Horberg; Foster; Morse; Chierchia*, 738 F. Supp. at 1386 (Bahamian law applied in an action for a personal injury occurring in the Bahamas in a suit filed in Florida by a New York resident).

As previously noted, the United States in general, and the citizens of South Florida in particular, have comparatively little interest in an action against Bahamian companies for an accident that allegedly occurred in the Bahamas.[15] The defendant who operates the Atlantis, IHC,

---

[15] In *SME Racks, Inc.*, the Eleventh Circuit concluded that the district court failed to consider the United States' interest in providing a forum for its citizens in addition to its analysis of Florida's interest. 382 F.3d at 1104. This requirement to consider the U.S.'s interest is contrary to the Supreme Court's rulings in *Gilbert* and *Piper Aircraft*. The Supreme Court has held that public interest factors include the "local" interest of having controversies decided in the chosen forum. *Gilbert*, 330 U.S. at 501; *Piper Aircraft*, 454 U.S. at 241. *See also SME Racks, Inc.*, 382 F.3d at 1110 (Black, J. dissenting) ("Public factors only concern the interest of the local court and local community"). The *SME Racks, Inc.* majority found a significant U.S. interest in a case against

is a Bahamian entity headquartered in the Bahamas.(Pyfrom Aff., ¶5). There is a lack of any relationship to Florida or to the United States in general with respect to the allegations raised in the Complaint. Plaintiffs would be asking a jury of Florida residents to adjudicate claims under Bahamian law arising out of an incident that occurred in the Bahamas. To allow Plaintiffs to litigate their case here in the United States would place an unfair burden on the judiciary and specifically trying it in Florida would place an unfair burden on Florida's judiciary and those Florida citizens called for jury duty.

In contrast, the Bahamas clearly has a preeminent interest in determining the standards of conduct and the scope of liability of its companies based on accidents that occur on Bahamian soil, particularly in a case involving the Bahamas' largest industry and largest resort. Bahamian courts, not American courts or juries, should be determining the appropriate standards of conduct for Bahamian companies with respect to their operations in the Bahamas. *See Foster* at pg. 5 ("Bahamas has a very strong interest in this litigation. The tourism industry is vital to the Bahamas, and the Bahamas has an interest in regulating the conduct of the Bahamian Defendants and the duty under Bahamian law that they owe visitors to the Atlantis Resort - the largest resort on the islands"); *Kawasaki Motors Corp v. Foster*, 899 So. 2d 408, 412 (Fla. 3d DCA 2005) (public interest will be served by transferring jurisdiction to Jamaica since Jamaica has a significant interest in punishing a wrongdoer within its jurisdiction and ensuring the safety of those who visit its resorts). Finally, the need to apply Bahamian law also favors dismissal of this case on *forum non conveniens* grounds. *See Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1519 (11th Cir. 1985) (the need to resolve and apply foreign law should point to the trial court towards dismissal).

**D.     Plaintiffs can Reinstate Their Suit in The Bahamas Without Undue Inconvenience or Prejudice.**

After determining that the balance of conveniences favors the alternative forum, this Court must finally ensure the Plaintiffs can reinstate their suit in the alternative forum without

---

an "allegedly predatory foreign business that actively solicited business and caused harm within the home forum." *Id.* at 1104. In this case, however, the Plaintiffs voluntarily traveled to the Bahamas and Mrs. Helton was allegedly injured on Bahamian soil. The entities against whom Plaintiffs could theoretically recover are Bahamian companies with their principal place of business in the Bahamas and no offices outside of the Bahamas, much less in Florida. On these facts, any alleged United States interest pales in comparison with that of the Bahamas.

undue inconvenience or prejudice. *La Seguridad*, 707 F. 2d at 1307.  Plaintiffs will be able to pursue their claims in a Bahamian court without any undue inconvenience and, moreover, Plaintiffs will not suffer any undue prejudice if they refile their action in the Bahamas.  Indeed, the relevant Kerzner Defendants are Bahamian corporations subject to jurisdiction in the Bahamas and the Kerzner Defendants will waive any statute of limitations defense.[16]

In light of the foregoing, it is clear that the Kerzner Defendants have met their burden as to all four requirements for a *forum non conveniens* dismissal and Plaintiffs' Complaint should be dismissed.

**CONCLUSION**

This action clearly belongs in the Bahamas.  Plaintiffs executed a forum selection clause that is binding and requires the parties to litigate their claims in the Bahamas.  Further, Plaintiffs have knowingly named an improper party to this action for cosmetic purposes.  Finally, the Kerzner Defendants have established that dismissal based on *forum non conveniens* is appropriate because:  the Bahamas is an adequate alternative forum to address Plaintiff's claims, the private and public interest factors weigh heavily in favor of a trial in the Bahamas, and Plaintiffs can reinstate their suit in the Bahamas without undue inconvenience or prejudice. Accordingly, the Kerzner Defendants respectfully request that this Court grant their Motion to Dismiss in its entirety.

Dated:  November 16, 2009.

> **AKERMAN SENTERFITT**
> Las Olas Centre II, Suite 1600
> 350 East Las Olas Boulevard
> Fort Lauderdale, Florida 33301-2229
> Telephone: (954) 463-2700
> Facsimile: (954) 463-2224
>
> By:   /s/ Michelle I. Bougdanos
>     Bruce S. Liebman, Esquire
>     Florida Bar No. 0064084
>     Michelle I. Bougdanos, Esquire
>     Florida Bar No. 0020731
>     *Attorneys for Kerzner Defendants*

---

[16] The statute of limitations in the Bahamas for negligence actions is three (3) years from the date of the accident.  Because the Plaintiffs' alleged injury occurred in September 2006, the statute of limitations has run.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


 /s/  Michelle I. Bougdanos                    __
Michelle I. Bougdanos

## SERVICE LIST

**Kathleen Helton and Darrell Helton vs. Kerzner International Hotels Limited, et al.**
**CASE NO. 09-22738-CIV-MARTINEZ/BROWN**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| **Robert L. Parks**<br>Law Offices of Robert L. Parks, P.L<br>2121 Ponce de Leon Boulevard<br>Suite 505<br>Coral Gables, FL  33134<br>305-445-4430<br>305-445-4431 (fax)<br>bob@rlplegal.com | **Bruce S. Liebman**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>bruce.liebman@akerman.com |
| **Gabrielle Lyn D'Alemberte**<br>Law Offices of Robert L. Parks, P.L<br>2121 Ponce de Leon Boulevard<br>Suite 505<br>Coral Gables, FL  33134<br>305-445-4430<br>305-445-4431 (fax)<br>gabrielle@rlplegal.com | **Michelle Bougdanos**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>michelle.bougdanos@akerman.com |